## Horn, Trustee, *v.* Davis, Appellant.

*Conversion of piano—Evidence of title.*

Defendant leased a piano from a dealer who subsequently made an assignment for the benefit of creditors. The assignee under an order of court assigned the lease to plaintiff, as the trustee of a piano club. Defendant failed to pay to plaintiff the rent provided by the lease, and plaintiff brought trespass, defendant waiving the preliminary demand for surrender of the piano. *Held,* that evidence of the assignment for benefit of creditors, and of the written assignment of the lease of the piano to plaintiff was properly received to show title, and that plaintiff was entitled to recover the value of the piano in an action of trespass.

Argued Jan. 4, 1893. Appeal, No. 359, Jan. T., 1892, by defendant, William J. Davis, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1888, No. 544, on verdict for plaintiff, Elwood Horn, Trustee of the Albrecht Piano Club. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Trespass for conversion of piano.

At the trial, before FELL, J., it appeared that defendant on April 25, 1884, joined a piano club organized by Albrecht & Co., and executed a lease of a piano by which he agreed to pay $1.50 per week for two hundred weeks. Defendant paid rent for nearly a hundred weeks, not consecutively, ceasing to pay in March, 1887. On April 1, 1887, Albrecht & Co. made an assignment for the benefit of creditors to Peter Boyd. Under an order of court the assignee assigned defendant's lease to plaintiff, who had been appointed trustee of the piano club. Plaintiff brought this action, defendant waiving the preliminary demand for surrender.

The court admitted in evidence, under objection by defendant, the auditor's report in the assigned estate of Albrecht & Co., C. P. No. 1, March T., 1887, No. 533, for the purpose of showing title in the appellee, and his right to recover. [1]

The court also admitted in evidence, under objection by defendant, the assignment of Peter Boyd, dated Oct. 27, 1888, assigning the particular lease (between Albrecht & Co., and William J. Davis) to plaintiff. [2]

The court charged as follows :

" The defence in this case is upon purely technical or legal grounds.   I see no reason why the plaintiff is not entitled to recover, if you believe the testimony which has been offered.   I see no reason why you should not believe it, as it is reasonable, it is probable and it is entirely uncontradicted.   However, that is a matter for you.   If you believe the testimony presented by the plaintiff in this case, you will find a verdict for the value of the piano, which has been fixed by the witness at $200.   If you believe that is the right sum, you will find a verdict for that amount." [3]

Verdict and judgment for plaintiff.   Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, (3) the charge of the court, quoting it.

*Charles Davis,* for appellant, cited : Overton v. Williston, 31 Pa. 155; Green v. Breunesholtz, 73 Pa. 423; Robinson v. Hodgson, 73 Pa. 202; Borland v. Stokes, 120 Pa. 282.

*E. O. Michener,* for appellee.

Per Curiam, January 16, 1893 :

The papers referred to in the first, second and third specifications of error were properly admitted in evidence for the purpose of showing title in the plaintiff.   The third specification, which alleges error in a portion of the charge of the court, is not sustained.   There was abundance of evidence to show a conversion of the piano by the defendant, and, under the lease or agreement between Albrecht & Co. and the defendant, the plaintiff was entitled to recover in this form of action.

Judgment affirmed.